IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 2, 2001

## STATE OF TENNESSEE v. LUIS ANTHONY RAMON

**Direct Appeal from the Circuit Court for Henry County**
**No. 12937     Julian P. Guinn, Judge**

_____

**No. W2001-00389-CCA-R3-CD - Filed August 9, 2002**

_____

JOSEPH M. TIPTON, J., dissenting.

Given the present state of the law, I respectfully disagree with the result reached in the majority opinion. I believe that it was the jury's prerogative to discredit some or all of the defendant's experts' testimony and to conclude that their testimony did not prove by clear and convincing evidence that the defendant could not appreciate the wrongfulness of his conduct.

The 1995 amendment to the insanity defense statute dramatically altered the insanity defense in Tennessee in two ways. Although sanity was presumed, once the evidence raised a reasonable doubt, the burden of proof shifted to the state, which had to prove a defendant's sanity beyond a reasonable doubt. See Graham v. State, 547 S.W.2d 531, 544 (Tenn. 1977). Also, the insanity standard provided that a person was not responsible if as a result of mental disease or defect he or she lacked substantial capacity either to appreciate the wrongfulness of the conduct or to conform the conduct to the requirements of law. See id. at 543. Since the 1995 amendment, a defendant has the burden of proving insanity by clear and convincing evidence. As important, it is no defense to crime to prove that a defendant's mental disease or defect prevented the defendant from conforming conduct to the requirements of the law. Instead, the defendant must prove by clear and convincing evidence that he or she, "as a result of a severe mental disease or defect," was unable to appreciate the nature or wrongfulness of such defendant's acts.

I believe that shifting the burden of proof to the defendant  means that the state has no duty to prove sanity, just the duty to prove the existence of the elements of the offense charged beyond a reasonable doubt. When the jury rejects insanity as a defense, I believe the appropriate standard of review on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have failed to find that the defendant's criminal insanity at the time of the offense was established by clear and convincing evidence. This is the standard used under the federal statute requiring the defendant to prove insanity by clear and convincing

evidence.  See State v. Barton, 992 F.2d 66, 68-69 (5th Cir. 1993).  In this respect, we should not reweigh the evidence but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state.  This also includes appreciating the fact that a jury may rightfully reject an expert's opinion.

> In determining the issue of insanity, the trier of fact may consider both lay and expert testimony and may discount expert testimony which it finds to be in conflict with the facts of the case.  Where there is a conflict between expert testimony and testimony as to the facts, the trier of fact is not required to accept expert testimony over other testimony and must determine the weight and credibility of each in light of all the facts and circumstances of the case.

State v. Holder, 15 S.W.3d 905, 912 (Tenn. Crim. App. 1999) (citations omitted).

Along with her testimony quoted in the majority opinion, Dr. Ann Quinn Phyfer testified regarding schizophrenia and the defendant's condition as follows:

> Schizophrenia is characterized by a positive and negative symptom.  Positive symptoms are hallucination and/or delusions.  Those are the essential features that have to be there for the diagnosis to be made.  [The defendant] had delusions, that is, beliefs that have no basis in reality, but which are nevertheless held rigidly by the person.  You can't be talked out of them, and the delusion is such that it governs their behavior.  And they respond to the delusional false belief and don't have any contact, or much contact, with reality.  The delusion is more real to them than what's out there in the world.  When the delusion is--well the delusion can take any kind of content.  The person can believe that he's king of a small country, he can believe that he's God.  In the case of the persecutory delusion, the paranoid delusion, the person believes that somebody is out to get him, that he is in danger.  And that was the nature of [the defendant's] belief.  He believed that there were a group of people who were going to kill him, and he was powerless against this group of people.  And he was constantly think, ah, that this fearful delusion just occupied him and made him unable to function in other areas, because he was so afraid, he couldn't do anything but respond to this delusion.  And it was a delusion that made him believe--he thought that he was going to be killed unless he could somehow protect himself.

I believe that Dr. Phyfer's testimony lends itself more logically to a person who cannot conform his conduct to the requirements of the law.  Although both experts testified that the defendant was unable to appreciate the wrongfulness of his acts at the time of the killing, I do not

believe the jury was required to accept their testimony as fact. The very fact that the defendant called 9-1-1 and explained what he had done, and to whom, reflects an awareness of what had occurred. Moreover, his history of plans to kill others, including the use of a knife because he could not conceal a gun, does not reflect an incapacity to know right from wrong.

Unquestionably, the defendant suffers from severe mental illness. However, the Tennessee legislature has chosen to limit exoneration for criminal conduct by the mentally ill. I would affirm the conviction.

_____
JOSEPH M. TIPTON, JUDGE